IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SUZETTE MARIE PEROT,** § | |
|     **PLAINTIFF,** § | |
| § | |
| **V.** § | **CASE NO. 3:21-CV-134-M-BK** |
| § | |
| **GREYHOUND LINES, INC.,** § | |
|     **DEFENDANT.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Doc. 1. The Court now considers Plaintiff's *Motion for Default Judgment*, Doc. 12, and Defendant's *Rule 12 Motions*, Doc. 13. Upon review, the motions should be **DENIED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed suit against Defendant for injuries she allegedly suffered stepping off one of Defendant's buses. Doc. 3 at 2-3. After incorrectly attempting service, Doc. 11, Plaintiff filed a motion for default judgment. Doc. 12. Shortly thereafter, Defendant filed a motion to dismiss based on the summons and the manner of attempted service or, in the alternative, for a more definite statement. Doc. 13. Before either motion was ripe, however, summons was properly executed on Defendant, Doc. 15, and Defendant filed its answer. Doc. 18.

## II.  ANALYSIS

### A.  Plaintiff's Motion for Default Judgment

A party who fails to plead or defend a suit as required by federal rules is subject to a default judgment.  *See* FED. R. CIV. P. 55.  Default judgments are a drastic remedy and should only be granted in extreme situations "when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted).  However, unless there has been valid service of process, a default judgment may not be entered.  *See Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir.2002).

A summons must, *inter alia*, be signed by the court clerk and bear the court's seal.  FED. R. CIV. P. 4(a)(1)(F)&(G).  It may be served by anyone who is at least 18 and who is *not* a party to the case.  FED. R. CIV. P. 4(c)(2).  Thus, if a plaintiff attempts to serve a defendant, the service is deficient.  *See Boltes v. Entex*, 158 F.R.D. 110, 114 (S.D. Tex. 1994).  Here, Plaintiff attempted to effect service herself.  Doc. 11.  Such service is deficient and thus cannot serve as the basis for default.  Thus, Plaintiff's motion for default judgment should be denied.

### B.  Defendant's Motion to Dismiss for Deficient Process

A defendant may move for dismissal based on defective service of process.  FED. R. CIV. P. 12(b)(4)&(5). The plaintiff has the burden to prove sufficiency of process.  *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 744 (N.D. Tex. 2013) (Lynn, J.).  Here, Defendant argues service of process was deficient because (1) the summons was not signed by the district clerk and does not bear the Court's seal, and (2) Plaintiff mailed the summons herself.  Doc. 13 at 3.  However, as stated *supra*, a proper summons has since been returned as executed on

2

Defendant, Doc. 15, and Defendant has now filed its answer, Doc. 18. Defendant's motion to dismiss for deficient service of process is therefore moot and should be denied.

### C. Defendant's Alternative Motion for More Definite Statement

A proper complaint must contain a short and plain statement of, *inter alia*, the claims showing the plaintiff is entitled to relief, as well as a demand for the relief sought. FED. R. CIV. P. 8(a). A respondent may move for a more definite statement when a complaint does not adhere to Rule 8(a) and is instead "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Under Rule 8(a), a complaint is inadequate only if it fails (1) to provide notice of the circumstances that give rise to the claim or (2) fails to set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *Gen. Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999). Specific facts such as names, dates, locations, and other similar information serve to put the defendant on notice as to the nature of the alleged claims. *See Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999)

Defendant argues Plaintiff should be required to provide a more definite statement because Defendant "is unable to discern from Plaintiff's complaint the alleged act or omission, what person, or what condition, allegedly caused Plaintiff to fall." Doc. 13 at 6. The Court disagrees. Plaintiff's complaint contains dates, locations, and other similar details to describe her claim. *See Beanal*, 197 F.3d at 165. Further, since filing this motion, Defendant filed a responsive pleading—an answer. *See* Doc. 18. Defendant's answer undercuts its argument that it lacks notice of Plaintiff's claim and cannot respond. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) (motions for a more definite statement are generally disfavored and should only be granted when a complaint does not contain sufficient information

3

to formulate a proper response).  Apparently, Defendant was able to parse Plaintiff's complaint to answer and plead several defenses to Plaintiff's claim.  See Doc. 18 at 7.  It is counterintuitive that Defendant would be able to do so if the complaint was so vague as to require a more definite statement.  See *Mitchell*, 269 F.2d at 132; *cf*. K*imberly-Clark Corp. v. Kleenize Chem. Corp.*, 194 F. Supp. 876, 879 (N.D. GA, May 23, 1961) (finding as moot a motion for more definite statement filed concurrently with the defendant's answer because the "purpose of the more definite statement is to enable the respondent to formulate defensive pleadings").

Finally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Under this relaxed standard, the Court finds that the complaint gives Defendant more than fair notice and sufficient information to respond.  See *Gen. Star Indem. Co.*, 173 F.3d at 950.  Thus, Defendant's motion in the alternative for a more definite statement should be denied.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's *Motion for Default Judgment*, Doc. 12, and *Greyhound Lines, Inc.'s Rule 12 Motions*, Doc. 13, should be **DENIED**.

**SO RECOMMENDED** on May 4, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).